UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

LEE ALLEN TIBBETS,

Plaintiff,

v.

POLK COUNTY PROFESSIONAL CENTER & EMPLOYEES, et al.,

Defendants.

Civil No. 05-1909 (ADM/AJB)

**REPORT AND RECOMMENDATION**

Plaintiff, a prisoner at the Minnesota Correctional Facility at Stillwater, Minnesota, commenced this action by filing a pleading entitled "Complaint For Rights Violation Of Civil Under 42 U.S.C. 1983." (Docket No. 1.) The matter has been referred to this Court for initial screening pursuant to 28 U.S.C. § 1915A, and for a Report and Recommendation pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 72.1.[1] For the reasons discussed below, the Court finds that Plaintiff's complaint fails to state a claim on which relief can be granted. It will therefore be recommended that this action be summarily dismissed pursuant to § 1915A(b).

**I. BACKGROUND**

Plaintiff is serving a 72-month state prison sentence that was imposed by the State District Court for Polk County, Minnesota, after Plaintiff pleaded guilty to one count of

[1] Plaintiff did not tender the required filing fee with his complaint, but instead applied for leave to proceed in forma pauperis, ("IFP"). (Docket Nos. 2 and 4.) It appears from Plaintiff's IFP application that he may be unable to pay even the initial partial filing fee that prisoners are required to pay pursuant to 28 U.S.C. § 1915(b)(1). Thus, the Court finds, at least for now, that Petitioner has "no assets and no means by which to pay the initial partial filing fee," (28 U.S.C. § 1915(b)(4)), and that this matter should proceed directly to the initial screening process prescribed by § 1915A.

Dockets.Justia.com

driving while impaired, ("DWI"). Plaintiff challenged his sentence in a direct appeal to the Minnesota Court of Appeals, claiming that the trial court abused its discretion by imposing a 72-month sentence for his offense. However, the Court of Appeals found that in light of Plaintiff's six prior DWI convictions, the sentence he received was entirely appropriate. State v. Tibbets, No. A03-1670 (Minn.App. 2004), 2004 WL 1728097 (unpublished opinion), rev. denied, Sept. 29, 2004.

Plaintiff is now attempting to sue various individuals who apparently were involved in his state criminal case. The only Defendant named in the caption of the complaint is "Polk County Professional Center & Employees," but it appears that Plaintiff may also be attempting to sue the Judge who presided over his criminal case, the prosecuting attorneys, the Minnesota Attorney General, a probation officer, and various other unnamed individuals. (See Complaint, [Docket No. 1], p. 3, § III.B.)

As far as the Court can tell, Plaintiff is claiming that he should not have been sent to prison as a result of his criminal conviction, but rather, he should have been sent to a substance abuse treatment program. He apparently believes that Defendants violated his constitutional rights because they somehow caused him to be sent to prison instead of a treatment program. Plaintiff is seeking a judgment that would cause him to be released from prison, and award him "monetary damages." (Id., p.3, § IV.)

**II. DISCUSSION**

Because Plaintiff is a prisoner who is seeking redress from governmental entities and/or employees, his complaint is subject to preliminary "screening" pursuant to 28 U.S.C. § 1915A. That statute, which is part of the Prison Litigation Reform Act of 1995, ("the PLRA"), requires federal courts to screen the pleadings in all civil actions brought by

prisoners against governmental parties "before docketing, if feasible or, in any event, as soon as practicable after docketing." 28 U.S.C. § 1915A(a). The Court must determine which aspects of the pleading are actionable and should be allowed to proceed. If a prisoner-plaintiff has failed to plead a claim on which relief can be granted, his action must be summarily dismissed. 28 U.S.C. § 1915A(b)(1). For the reasons discussed below, the Court finds that in this case Plaintiff has failed to plead any cause of action on which relief can be granted, and that his action must therefore be dismissed in its entirety.

A. Inadequate Factual Allegations

The most readily apparent defect in Plaintiff's complaint is that it does not include sufficient factual allegations to state an actionable civil rights claim. To state a cause of action under 42 U.S.C. § 1983, as Plaintiff purportedly is attempting to do here, the complainant must allege facts, which if proven true, would demonstrate that the named defendant(s) violated the complainant's federal constitutional rights while acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988).

Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law." Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980) (emphasis added). See also, Martin v. Sargent, 780 F.2d 1334, 1337 (8th Cir. 1985) ("[a]lthough it is to be liberally construed, a pro se complaint must contain specific facts supporting its conclusions"). Moreover, "[l]iability under section 1983 requires a causal link to, and direct responsibility for, the deprivation of rights" protected by the Constitution. Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990); Speed v. Ramsey County, 954 F.Supp. 1392, 1397 (D.Minn. 1997) (Tunheim, J.) (same). Thus, in order to state a cognizable §

1983 claim, a complaint must set forth specific factual allegations showing what each named defendant allegedly did, or failed to do, that purportedly violated the plaintiff's federal constitutional rights.

In this case, Plaintiff's complaint fails to state an actionable § 1983 claim, because it does not allege any facts describing any specific wrongful conduct by any of the named Defendants. There are no factual allegations showing what, specifically, any of the individual Defendants is accused of having done (or failed to do) that allegedly violated Plaintiff's constitutional rights. The vague and conclusory assertions set forth in Plaintiff's complaint are not sufficient to state an actionable § 1983 claim against any of the named Defendants.[2]

B. Claims Are Barred By Heck v. Humphrey

Even if Plaintiff had alleged some facts showing that his constitutional rights were violated during the course of his state criminal case, his present civil rights action would be barred by the Supreme Court's decision in Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Court reaffirmed that a prisoner cannot challenge the fact or duration of his incarceration in a civil rights action. Habeas corpus is the exclusive federal remedy for a prisoner who believes that he is being wrongfully imprisoned. Id. at 481, citing Preiser v.

---

[2] The Court further notes that three of the Defendants identified in the complaint, Joel Arneson, Gregory Widseth, and Mike Hatch, are most likely immune from Plaintiff's attempt to sue them, because of the doctrine of prosecutorial immunity. See Imbler v. Pachtman, 424 U.S. 409, 427-428 (1976) (holding that prosecutors are absolutely immune from civil rights claims based on actions taken while initiating and pursuing a criminal prosecution). Another Defendant, "Judge Roue," is most likely immune from Plaintiff's lawsuit under the doctrine of judicial immunity. Stump v. Sparkman, 435 U.S. 349, 355-57 (1978). Plaintiff's pleading provides no information about any of the remaining parties mentioned in his pleading, and he has made no effort to explain why he is attempting to sue them.

Rodriguez, 411 U.S. 475, 488-90 (1973). Even when a prisoner-plaintiff is not directly challenging the fact or duration of his incarceration, he cannot bring a civil rights action that would effectively "call into question the lawfulness of [his] conviction or confinement." Heck, 512 U.S. at 483.

> "[I]n order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid..., a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated."

Id. at 486-87 (footnote omitted; emphasis added); see also, Sheldon v. Hundley, 83 F.3d 231, 233 (8th Cir. 1996) ("Heck requires favorable termination of the action in an authorized state tribunal or a federal habeas corpus court, even if the claim is for damages rather than earlier release").

In this case, a judgment in Plaintiff's favor on his current civil rights claims obviously would cast doubt on the validity of his state criminal conviction and sentence. In fact, Plaintiff has specifically requested a judgment that would cause him to be released from custody. According to Heck, however, civil rights claims based on constitutional improprieties that allegedly occurred during a prisoner's state criminal case cannot properly be brought into federal court, unless the prisoner first establishes in a proper forum, (i.e., a state or federal post-conviction proceeding), that his conviction and sentence are, in fact,

constitutionally invalid.

In short, even if Plaintiff has some viable constitutional claim, he cannot bring it at this time. He cannot maintain a civil rights action seeking court-ordered relief for unconstitutional acts that allegedly caused him to be wrongly convicted and/or sentenced, without first securing an order in a proper forum, (i.e., a state or federal post-conviction proceeding), which specifically invalidates his conviction and sentence. Because that pre-condition has not been satisfied, Plaintiff's present civil rights action cannot go forward.[3]

## III. CONCLUSION

For the reasons discussed above, the Court concludes that Plaintiff has failed to state any cause of action on which relief can be granted, and that this case must therefore be dismissed pursuant to 28 U.S.C. § 1915A(b). Because Plaintiff has not stated any viable claim in his complaint, his application for leave to proceed IFP, (see n. 1, supra), must be denied. See 28 U.S.C. § 1915(e)(2)(B)(ii). Notwithstanding the dismissal of this action, Plaintiff shall remain liable for the unpaid balance of the $250 filing fee.[4] To date,

---

[3] The Court has considered whether Plaintiff's current pleading could somehow be converted to a habeas corpus petition and entertained as such. That cannot be done, however, because Plaintiff has not exhausted his state court remedies with regard to any of the claims that he is attempting to bring here. In his state court appeal of his sentence, he contended only that the trial court judge abused his discretion under the Minnesota State Sentencing Guidelines. Because Plaintiff has not raised any federal constitutional claims in the state courts, he cannot bring any such claims in a federal habeas corpus proceeding at this time. See 28 U.S.C. § 2254(b); O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999) ("because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts,... state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process").

[4] Under the PLRA, prisoners may be excused from pre-paying the full amount of the applicable filing fee before filing an action. However, 28 U.S.C. § 1915(b) clearly states

he has not paid any fee at all, so he still owes the full $250 fee. Prison officials will have to deduct that amount from his prison trust account and pay it to the Clerk of Court in the manner prescribed by 28 U.S.C. § 1915(b)(2). Lastly, the Court will recommend that the dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

## IV. RECOMMENDATION.

Based upon the above, and upon all the files, records, and proceedings herein,

**IT IS RECOMMENDED** that:

1. Plaintiff's application for leave to proceed in forma pauperis, (Docket Nos. 2 and 4), be **DENIED**;

2. This action be **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1);

3. Plaintiff be required to pay the unpaid balance of the Court filing fee, namely the full $250, in accordance with 28 U.S.C. § 1915(b)(2); and

4. The dismissal of this action be counted as a "strike" against Plaintiff for purposes of 28 U.S.C. § 1915(g).

Dated: September 2, 2005

s/ Arthur J. Boylan
ARTHUR J. BOYLAN
United States Magistrate Judge

---

that prisoners "shall be required to pay the full amount of the filing fee." In other words, prisoners are permitted to file actions without paying the full filing fee in advance, but they still remain liable for the fee. Ashley v. Dilworth, 147 F.3d 715, 716 (8th Cir. 1998) ("[t]he purpose of the [PLRA] was to require all prisoner-litigants to pay filing fees in full, with the only issue being whether the inmate pays the entire filing fee at the initiation of the proceeding or in installments over a period of time"). Nothing in the PLRA suggests that the dismissal of a prisoner's action would extinguish the ultimate obligation to pay the filing fee. See In re Tyler, 110 F.3d 528, 529-30 (8th Cir. 1997) ("the PLRA makes prisoners responsible for their filing fees the moment the prisoner brings a civil action or files an appeal").

Pursuant to Local Rule 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court, and by serving upon all parties, written objections which specifically identify the portions of the Report to which objections are made and the bases for each objection. This Report and Recommendation does not constitute an order or judgment from the District Court and it is therefore not directly appealable to the Circuit Court of Appeals. Written objections must be filed with the Court before September 16, 2005.