UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Lee Allen Tibbets,

        Plaintiff,

v.

Polk County Professional
Center & Employees,

        Defendants.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 05-1909 ADM/AJB

_____

Lee Allen Tibbets, pro se.

_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge to rule on the Objections of Plaintiff Lee Allen Tibbets ("Plaintiff") [Docket No. 7] to the September 2, 2005 Report and Recommendation ("R&R") of Magistrate Judge Arthur J. Boylan [Docket No. 6]. The R&R recommends this Court dismiss Plaintiff's Complaint [Docket No. 1] and deny his Motion for Leave to Proceed in forma pauperis [Docket Nos. 2 and 4].

Plaintiff is an inmate at the Minnesota Correctional Facility at Stillwater, Minnesota ("MCF-Stillwater"). Plaintiff has not named as defendants any particular individuals at MCF-Stillwater. The only Defendant named in the caption of the complaint is "Polk County Professional Center & Employees." From the text of Plaintiff's submissions, it seems he may also be attempting to sue the Judge who presided over his criminal case, the prosecuting attorneys, the Minnesota Attorney General, a probation officer, and various other unnamed individuals. Complaint § III.B. Plaintiff is seeking a judgment that would cause him to be released from prison, and award him monetary damages. Id. § IV. Although it is difficult to

discern the specific cause of action from Plaintiff's Complaint, he seems to assert a common law negligence claim against Defendants, as well as asserting that Defendants violated his constitutional rights because they caused him to be sent to prison instead of to a substance abuse treatment program.

The R&R found Plaintiff had failed to allege elements necessary to state a claim upon which relief can be granted, and that his claims are barred by Heck v. Humphrey, 512 U.S. 477 (1994). The factual and procedural background in this matter is set forth in the R&R and is incorporated by reference for purposes of the present Objections. For the reasons set forth below, the Objections are denied and the R&R is adopted.

## II. DISCUSSION

The district court must undertake an independent, de novo, review of those portions of a R&R to which objection is made and "may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); see also D. Minn. LR 72.2(b).

Under 28 U.S.C. § 1915A, which is part of the Prison Litigation Reform Act, courts are required to "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a government entity, or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). To the extent that a pleading, on its face, fails to state a claim upon which relief may be granted, it must be summarily dismissed. 28 U.S.C. § 1915A(b)(1).

Plaintiff objects to the R&R on several grounds. First, Plaintiff claims that the R&R misrepresents the facts in the case. Second, Plaintiff argues that he is entitled to damages based

on loss of income and pain and suffering, unlawful use of the court system, and negligent use of color of law.  Third, Plaintiff requests that the Court order his immediate release from incarceration.

**A.     Recitation of Facts in R&R**

Plaintiff objects to the R&R on the ground that its representation of the facts in the case is misleading.  However, Plaintiff presents no evidence to support this assertion in his Objections.   In addition, the R&R does not contain a record of any clear recitation of facts by the Plaintiff, nor does it offer his own version of the factual underpinnings of this case.  Based on the information submitted to the Court, the Plaintiff has not shown that the facts recited in the R&R are misleading, and the Court accepts the findings in the R&R.

**B.     Claim for Damages and Pain and Suffering**

The Plaintiff claims the R&R wrongfully denies him an award for damages and pain and suffering resulting from his incarceration, unlawful use of the courts and negligent use of the color of law.  The R&R awarded no damages because the Plaintiff failed to state sufficient facts to state a claim.  Although federal courts must "view pro se pleadings liberally, such pleadings may not be merely conclusory: the complaint must allege facts, which if true, state a claim as a matter of law."  Martin v. Aubuchon, 623 F.2d 1282, 1286 (8th Cir. 1980).  In this case, Plaintiff's failure to state a claim bars consideration of his request for damages.

**C.      Request for Immediate Release from Incarceration**

In his Objections, Plaintiff asks that he be immediately released from incarceration. This assertion is without factual or legal support. Indeed, the Court is barred from considering this remedy by Heck v. Humphrey, 512 U.S. 477 (1994). In Heck, the Supreme Court held that a prisoner cannot challenge the fact or duration of his incarceration in a civil rights action. Id. at 481. If Plaintiff feels he is being wrongfully imprisoned, his exclusive federal remedy is to file a claim for habeus corpus. Id., citing Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973). As the R&R correctly notes, if Plaintiff has a viable constitutional claim, he must first secure an order in a proper forum (i.e., a state or federal post-conviction proceeding), "which specifically invalidates his conviction and sentence." R&R at 6.

For the aforementioned reasons, Petitioner's Objections are denied and the R&R is adopted in its entirety.

### III. CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. Judge Boylan's R&R [Docket No. 6] is **ADOPTED** in its entirety;

2. Plaintiff's Motion for Leave to Proceed in forma pauperis [Docket Nos. 2 and 4] is **DENIED**;

3. Plaintiff's Complaint [Docket No. 1] is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1);

4. Plaintiff's Objections [Docket No. 7] are **DENIED**;

5. Plaintiff is required to pay the unpaid balance of the Court filing fee, $250, in accordance with 28 U.S.C. § 1915(b)(2); and

6. For purposes of 28 U.S.C. § 1915(g), this action is dismissed "on grounds that it is frivolous, malicious, or fails to state a claim on which relief may be granted."

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

BY THE COURT:

s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  September 23, 2005.